UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                              )   CHAPTER 11
                                    )
TROP, INC.                          )   CASE NO. 18-65726
                                    )
    Debtor,                         )
                                    )
_____)

### APPLICATION FOR APPROVAL OF EMPLOYMENT OF DEBTOR'S ATTORNEY

COMES NOW Trop, Inc. (hereinafter "Applicant" and "Debtor" ) and respectfully applies for approval to employ attorneys pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002. The grounds for this Application are:

1.

On September 19, 2018, Applicant filed a petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"). Applicant continues to operate its business and manage its affairs as a Debtor-in-Possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2.

By this Application, the Debtor respectfully request entry of an order, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing them to employ McBryan, LLC ("**McBRYAN**") as their bankruptcy and restructuring counsel in the Case and any related proceedings.

### BASIS FOR RELIEF

3.

Attorneys of McBRYAN are admitted to practice before this Court, are familiar with

the Applicant's legal and operational problems, have knowledge and experience in bankruptcy practice, and are well qualified to represent Applicant. Pursuant to Section 327(a), the Debtors request that the Court approve the retention of McBRYAN as their bankruptcy and restructuring counsel on and as of the Petition Date to perform the legal services that will be necessary during the Chapter 11 Case in accordance with McBRYAN's normal hourly rates and disbursement policies.

4.

During the Chapter 11 case, the employment of McBRYAN is appropriate and necessary to enable the Debtor to execute faithfully the duties as debtor and debtor in possession. Subject to further order of this Court, it is proposed that McBRYAN be employed for the following purposes:

(7) to advise the Debtor with respect to the rights, duties and obligations as debtor in possession in the continued management and operation of the business;

(b) to take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections to claims filed against the Debtors' estate;

© to prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and other pleadings and applications in connection with the administration of the Debtor's estates;

(d) to negotiate and prepare on behalf of the Debtor one or more Chapter 11 plan(s), disclosure statement(s), and all related documents;

© to negotiate and prepare documents relating to the disposition of assets, as requested

by the Debtor;

(f) to advise the Debtor on finance, finance-related matters and transactions, and matters relating to the sale of the Debtor's assets; and

(g) to perform such other legal services for the Debtor as may be necessary and appropriate to the proper preservation and administration of the Debtor's estate.

5.

It is necessary and appropriate for the Debtor to employ attorneys to render the foregoing services.

6.

Pursuant to Section 328(a) of the Bankruptcy Code, the Debtor may retain McBRYAN on any reasonable terms and conditions. The Debtor and McBRYAN have agreed that McBRYAN will be compensated for services at hourly rates and be reimbursed for reasonable and necessary expenses, subject to approval of the Court under Section 330 of the Bankruptcy Code. McBRYAN's current standard hourly rates range from $195 to $450 per hour for attorneys and from $75 - $150 per hour for paralegals. Rates may be adjusted from time-to-time. The firm is currently holding approximately $25,000.00 as a Chapter 11 retainer to represent the Debtor.

7.

To the best of the Debtor's knowledge: (a) McBRYAN neither holds nor represents any interest adverse to the Debtors or their estates in the matters upon which the firm is to be engaged; (b) McBRYAN is not a creditor, an equity security holder, or an insider of the Debtor; (c) McBRYAN is not and was not a director, officer, or employee of the Debtors; and (d) except as specifically disclosed more fully in the attached Verified Statement of an attorney of

McBRYAN, LLC offered in support of this Application, attached hereto as Exhibit A. McBRYAN has had no connection with the Debtors, their creditors, any party-in-interest, the United States Trustee, the Bankruptcy Judge presiding in this case, or any person employed in the Office of the United States Trustee. The Debtor believes that McBRYAN is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code and the firm's appointment will be in the best interest of the Debtor and the Debtor's estate.

8.

McBRYAN will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia, and orders of this Court.

WHEREFORE, Applicant prays that it be authorized to employ McBryan, LLC as its attorneys in this Chapter 11 case.

Respectfully submitted this 19th day of September 2018.

                                        Trop, Inc.
                                        By: Teri Galardi, CEO

                                        Teri Galardi, CEO

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TROP, INC. | ) | CASE NO. |
| | ) | |
| Debtor, | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF DEBTOR'S ATTORNEY

COMES NOW Louis G. McBryan, who states and declares:

1. I am an attorney in the law firm of McBryan, LLC (the "Firm") and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as the Debtor's attorney (the "Application"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2. Neither I nor the Firm have or represent any interest adverse to the Debtor or the Debtor's estate. The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys or accountants, provided this Firm represented Debtor prior to the Petition Date. The Firm is not a creditor of the Debtor.

3. The Firm has no partners, associates or other professional employees who are related to the United States Trustee, any person employed in the office of the United States Trustee for the Northern District of Georgia, or with any of the Bankruptcy Judges sitting in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor the Firm have agreed to share any compensation or reimbursement

under 11 U.S.C. § 503(b) with any other person except within the Firm. As of the Petition Date, the Firm holds a $25,000.00 retainer balance in which the Firm holds a security interest for purposes of this case and its representation of the Debtor herein. The Firm will hold the retainer and will only disburse the retainer in accordance with Court order for payment of fees in accordance with 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code.

5. I and other attorneys of the firm are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts. We have had substantial experience in practice before the United States Bankruptcy Court for the Northern District of Georgia and before other Bankruptcy Courts.

6. To the best of the undersigned's knowledge, information and belief, employment of the Firm as attorneys for the Debtor would be appropriate under 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002.

Declared on September 19, 2018.

_____
Louis G. McBryan

Sworn to and subscribed before me on this 19th day of September, 2018.

_____
Notary Public

APRIL LEPAGE
Notary Public, Georgia
Cobb County
My Commission Expires
July 31, 2022